# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-225V
December 17, 2014
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PEGGY A. COFFEY, as Personal  \* | |
| Representative of the Estate of  \* | |
| WOODROW COFFEY, JR.,  \* | |
| \* | |
| Petitioner,  \* | Damages decision based on stipulation; |
| \* | influenza ("flu") vaccine; Guillain-Barré |
| v.  \* | Syndrome ("GBS"); death |
| \* | |
| SECRETARY OF HEALTH  \* | |
| AND HUMAN SERVICES,  \* | |
| \* | |
| Respondent.  \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Lisa A. Roquemore</u>, Irvine, CA, for petitioner.
<u>Glenn A. MacLeod</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On March 29, 2013, Woodrow Coffey, Jr., filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10-34 (2006), alleging that he suffered Guillain-Barré Syndrome ("GBS") as a result of the influenza ("flu") vaccination he received on September 29, 2010. On January 13, 2014, Mr. Coffey died. His wife, Peggy A. Coffey, was substituted as

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

petitioner in this case on May 6, 2014.  Petitioner filed an amended petition on June 3, 2014, alleging that decedent suffered GBS as a consequence of his flu immunization which led to his disability and death.

On December 17, 2014, the parties filed a stipulation, attached hereto, in which they agreed to settle this case and described the settlement terms.  Respondent denies that flu vaccine caused Mr. Coffey's GBS or other injury and further denies that Mr. Coffey's death was a sequela of a vaccine-related injury.  Nevertheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable.  The court hereby adopts the parties' said stipulation, and awards compensation in the amount and on the terms set forth therein.

Pursuant to the stipulation, the court awards a lump sum of **$200,000.00** in the form of a check made payable to petitioner, as legal representative of the Estate of Woodrow Coffey, Jr.  This amount covers all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

December 17, 2014                                                                                     /s/ Laura D. Millman
DATE                                                                                                        Laura D. Millman
                                                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PEGGY A. COFFEY, ) <br> AS PERSONAL REPRESENTATIVE ) <br> OF THE ESTATE OF ) <br> WOODROW COFFEY, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent ) <br> _____ ) | No. 13-225V (ECF) <br> Special Master <br> LAURA D. MILLMAN |

STIPULATION

The parties hereby stipulate to the following matters:

1. Woodrow Coffey, Jr. ("Mr. Coffey"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition sought compensation for injuries allegedly related to Mr. Coffey's receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Coffey received flu vaccine on or about September 29, 2010, and died on January 13, 2014.[1]

3. The vaccine was administered within the United States.

4. In her amended petition, petitioner alleges that Mr. Coffey suffered Guillain-Barre Syndrome ("GBS") as a consequence of the flu immunization he received on or about September 29, 2010, "which led to his disability and ultimately his death" on January 13, 2014.

---

[1] Mr. Coffey's surviving spouse, Peggy A. Coffey ("petitioner"), was substituted as petitioner in this case on May 6, 2014. Following Mr. Coffey's death, petitioner filed an amended petition on June 3, 2014.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Coffey as a result of his alleged vaccine related injury or death.

6. Respondent denies that the flu vaccine caused Mr. Coffey's GBS or any other injury and further denies that Mr. Coffey's death was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00 in the form of a check payable to petitioner, as legal representative of the Estate of Woodrow Coffey, Jr., representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Woodrow Coffey Jr.'s estate under the laws of the State of South Carolina.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Woodrow Coffey Jr.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Woodrow Coffey Jr. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative(s) of the estate of Woodrow Coffey Jr. upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amounts awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as Legal Representative of the Estate of Woodrow Coffey, Jr., and on behalf of Mr. Coffey's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries

to or death of Mr. Coffey resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 29, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about March 29, 2013, and amended on June 3, 2014, in the United States Court of Federal Claims as petition No. 13-225V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Coffey to suffer GBS or contributed in any way to his death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Case 1:13-vv-00225-UNJ   Document 38   Filed 02/07/15   Page 5 of 5

Respectfully submitted,

PETITIONER:

*[signature]*
PEGGY A. COFFEY

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
LISA A. ROQUEMORE, ESQUIRE
LAW OFFICE OF LISA A. ROQUEMORE
19200 Von Karman Avenue, Suite 500
Irvine, CA 92612-7114
Tel: (949) 622-5572

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC  20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD  20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC  20044-0146
Tel:  (202) 616-4122

Dated: 12/17/14